IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| GLEN LLEWELLYN JENKINS | : | CASE NO.: 4:21-bk-02613-MJC |
| Debtor-In-Possession | : | |
| ANDREW R. VARA UNITED STATES TRUSTEE, | : | |
| Movant | : | |
| vs. | : | |
| GLEN LLEWELLYN JENKINS | : | |
| Respondent | : | |

**DEBTOR'S OBJECTIONS AND RESPONSES TO MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OR, IN THE ALTERNATIVE, FOR AN ORDER DISMISSING THE DEBTOR'S CASE**

AND NOW COMES the Debtor, Glen Llewellyn Jenkins (Glen L. Jenkins), pro se and respectfully objects and responds to the Motion of the United States Trustee to Convert the Debtor's Chapter 11 Case to a Case Under Chapter 7 or Dismiss the Debtor's case. In response thereto, Debtor Glen L. Jenkins states as follows:

1. Debtor Glen Llewellyn (Glen L. Jenkins), having now completed the Chapter 11 filing fee installment payments, is requesting (per filed Form 103A, Part 2, prohibiting payment or transfer of property to an attorney, etc. for services in connection with a bankruptcy case) explicit permission at this time from the Court to spend funds to consult and/or retain a qualified Chapter 11 bankruptcy attorney, accountant, etc. for advisement and administration of his case, including the awaited filing of Debtor's Chapter 11 bankruptcy reorganization plan. Obtaining proper counsel is vital before the Debtor can effectively proceed on most issues in

1

this bankruptcy action. Upon consent granted from the Court, the Debtor will subsequently present to the Court specific requests for approval of professional fees on a case-by-case basis.

2. For the Court's information, the Debtor is presently attempting to manage his case with limited publicly available, free, information (Penn State Law Library, Cornell Law School Legal Information Institute – LII, etc.) and limited free contact and advice from a Western District of PA bankruptcy attorney (limited to Ch. 7 and Ch. 13), the only option available under Debtor's existing, affordable long-term Legal Zoom, Inc. monthly base legal plan. While helpful at times, a local or regional Ch. 11 bankruptcy attorney is vital to Debtor's success in his case and requires the Court's prior approval. In fact, Debtor has had initial discussions of his case with multiple area attorneys.

As further explanation to the Court, since the filing of the case Debtor has been immersed with intensive job-training for higher income-producing employment under two contracts (Appen.com, also Liveops.com – client AbbVie Pharmaceuticals) which is vital to success in his Chapter 11 case. The Debtor feels that intense focus may unfortunately have temporarily distracted him from attention to his case, resulting in the Trustee's Motion.

Addressing the Trustee's Issues

3. Currently, the Debtor is able to address to varying degrees the three issues raised by the US Trustee in his Motion:

a. Payment of US Trustee Quarterly Fees: Debtor has paid and is current with all quarterly fees. Debtor electronically filed in the case docket a receipt showing proof of payment through Pay.gov. Debtor will remain timely with future payments.

b. Chapter 11 Monthly Operating Reports (MOR): Past due reports (Form 425C)

are currently being prepared for submittal shortly by the Debtor per the Trustee's Motion. However, the Debtor feels permission of the court to spend funds for professional advice beforehand in the preparation of the documents would result in better, and more timely reports and preclude submittal of amended versions of the requested MOR documents.

      c. <u>Debtor-in-Possession Bank Account</u>: Debtor had attempted upon filing his Chapter 11 bankruptcy case to locate a participating bank and open the required DIP account. However, Debtor was repeatedly frustrated in his attempts, as many of the banks listed on the Trustee-provided document claimed not to offer DIP accounts, many did not respond to the Debtor's inquiries, and some financial institutions Debtor suspects appeared uninterested due to the size of the estate, etc.

      Debtor has resumed his attempts to open the DIP account and will update the Trustee's office regarding the issue. However, if unsuccessful, the Debtor may request the Court to approve an alternate banking situation, a setup that was previously discussed between the Debtor and the Trustee's Office during required procedural meetings.

<u>Raising the Issue of 2009 Opinion and Order of Centre County Judge Thomas King Kistler</u>

      4.    Please see "Exhibit A", electronically filed into the docket, a four page 2009 Opinion and Order of Centre County Judge Thomas King Kistler regarding the Debtor's current main business, a rental operation with primary residence. The ruling was a result of Debtor Glen L. Jenkins appearing in front of Judge Kistler representing of his elderly mother, in a prior mortgage foreclosure case brought by current mortgagee Carrington Mortgage Services.

      On March 10, 2009 Debtor Glen L. Jenkins, on behalf of his late mother,

3

Case 4:21-bk-02613-MJC    Doc 40    Filed 04/07/22    Entered 04/07/22 15:28:16    Desc
Main Document    Page 3 of 8

prevailed in the mortgagee CMS suit at a Summary Judgment proceeding in Centre County Common Pleas Court presided over by Judge Kistler. Debtor Glen L. Jenkins showed the plaintiff had not proven the debt being claimed on the property.

*The Debtor's filing of his Chapter 11 bankruptcy case* was due to a pending Sheriff Sale on December 9, 2021 on his main business rental operation due to a questionable default judgement obtained by mortgagee CMS and their attorneys in October 2020 during the height of the Covid-19 pandemic, during lockdowns, pre-vaccine, during which Debtor was medically isolating per advice of his primary care physician and his rheumatologist.

Debtor Glen L. Jenkins had attempted at that time to open/strike the default judgement. Debtor was represented by Mid-Penn Legal Services, but believes he was poorly served by the agency who failed to take certain appropriate actions or follow up on the case, and the effort was unsuccessful.

It should be noted that the property at risk in 2009 and 2020 is the same State College, PA property, the mortgagor is the same (Florence Q. Jenkins, now estate of), the mortgagee is the same - Carrington Mortgage Services, the Debtor Glen L. Jenkins is the same person involved in handling both cases, but only the foreclosure attorneys handling the plaintiff's case have differed, presently KML Law Group.

Debtor intends in his bankruptcy case to bring this critical issue before the Court, including the issues of an exorbitant interest rate being charged by the mortgagee, laches, and CMS and KML Law Group failing to provide to Debtor Glen L. Jenkins any proof of the mortgage debt being claimed despite Debtor's repeated oral and written requests.

THEREFORE, Debtor-In-Possession Glen L. Jenkins respectfully replies with the objections and responses stated above to Movant Andrew R. Vara, United States Trustee, and requests at

this time a brief continuance of the April 21, 2022 hearing on the Motion to a later date, allowing adequate time for the Debtor to petition the bankruptcy Court for permission to spend funds for needed professional services and advice. As stated by the Debtor, issues raised by the Trustee in his Motion will continue to be currently addressed, with documents electronically filed into the case docket and the Trustee's Office apprised of progress on the Debtor's banking arrangements.

    Respectfully submitted,

    Glen L. Jenkins, Debtor pro se
    4:21-bk-02613-MJC
    P.O. Box 254
    State College, PA 16801-0254

Dated: April 6, 2022

## VERIFICATION

I verify that the Debtor's Objections and Responses filed for the MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OR, IN THE ALTERNATIVE, FOR AN ORDER DISMISSING THE DEBTOR'S CASE are true and correct to the best of my knowledge, information, and beliefs. I understand that false statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. 4904 relating to unsworn falsification to authorities.

*[Signature]*
Glen L. Jenkins, Debtor
4:21-bk-02613-MJC
814/222-5050
g.jenkins1@yahoo.com

Dated: April 6, 2022

## CERTIFICATE OF SERVICE

The undersigned Debtor Glen Llewellyn Jenkins certifies that a true and correct copy of the foregoing DEBTOR'S OBJECTIONS AND RESPONSES TO MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OR, IN THE ALTERNATIVE, FOR AN ORDER DISMISSING THE DEBTOR'S CASE was served this day by:

1. Electronic e-filing by the EDSS into case docket 4:21-bk-02613-MJC.

2. U.S. First Class Priority Mail, postage pre-paid, upon the following:

United States Trustee Office
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

Glen L. Jenkins, Debtor
4:21-bk-02613-MJC
814/222-5050
g.jenkins1@yahoo.com

Dated: April 6, 2022

| | |
|---|---|
| **From:** | web@pamb.uscourts.gov on behalf of PAMB Web |
| **To:** | PAMBml_fax |
| **Subject:** | EDSS filing from Glen Llewellyn Jenkins for on Thursday, April 7, 2022 - 15:15 |
| **Date:** | Thursday, April 7, 2022 3:15:23 PM |

Submitted on Thursday, April 7, 2022 - 15:15
Submitted by user: Anonymous
Submitted values are:

Filer's Name: Glen Llewellyn Jenkins
Debtor's name (if different):
Filer's EMail Address: g.jenkins1@yahoo.com
Filer's Phone Number: 8142225050
Case number (if known): 4:21-bk-02613-MJC
  ==Documents==
  Document 1:

http://www.pamb.uscourts.gov/system/files/webform/edss/2022-4-6%20Respondent%20Debtor%27s%20Reply%20to%20Motion.pdf
    Document description: 2022-4-6 Respondent Debtor's Reply to Motion
   ==More Documents==
    Document 2:
    Document 2 description:
    Document 3:
    Document 3 description:
    Document 4:
    Document 4 description:
    Document 5:
    Document 5 description:


By entering my name in the box below, I affirm that I am intending to sign this form with my signature and consent to use this electronic form.: Glen L Jenkins